**Salvador de Jesus TRUJILLO–TEO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73582.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Reynold E. Finnegan, Esq., Finnegan & Diba, A Law Corporation, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**622**

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Salvador de Jesus Trujillo Teo petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen proceedings. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *see Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review in part and dismiss in part.

The BIA did not abuse its discretion in denying Trujillo–Teo's motion to reopen as untimely. *See* 8 C.F.R. 1003.2(c)(2) (2005) (the time limit for filing a motion to reopen is ninety days after the final order). Nor did the BIA abuse its discretion in finding Trujillo–Teo ineligible for re-initiated proceedings because he was already subject to a final order of deportation. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") § 309(c)(3); *see also* 8 U.S.C. § 1101(a)(47)(B)(i) (stating that an order of deportation is final when affirmed by the

BIA); *Alcaraz v. INS,* 384 F.3d 1150, 1152–53 (9th Cir.2004) (stating that "repapering" relief is limited to aliens with pending cases who have become ineligible for suspension of deportation solely based upon the stop-time rule).

We lack jurisdiction to consider Trujillo–Teo's contention that he was not properly provided written and oral notice of the consequences of failing to voluntarily depart, because he did not exhaust these issues before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

